IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, )<br>a North Dakota Corporation,             )<br>                                                             )<br>        Plaintiff,                                        )<br>                                                             )<br>vs.                                                         )<br>                                                             )<br>2930 NORTH SHERIDAN, LLC,               )<br>an Illinois Limited Liability Corporation,  )<br>                                                             )<br>        Defendant.                                    ) | No. 08 CV 3543<br><br>Judge Lefkow<br><br>Magistrate Judge Mason |

| |
|---|
| 2930 NORTH SHERIDAN, LLC,              )<br>an Illinois Limited Liability Corporation, )<br>                                                            )<br>        Counter-Plaintiff                             )<br>                                                            )<br>vs.                                                        )<br>                                                            )<br>INDIAN HARBOR INSURANCE COMPANY, )<br>a North Dakota Corporation,            )<br>                                                            )<br>        Counter-Defendant              ) |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

NOW COMES Defendant, 2930 NORTH SHERIDAN, LLC ("Sheridan"), by and through its attorneys, Asperger Associates LLC, hereby respond to Plaintiff's Complaint as follows:

### THE PARTIES

1.     Plaintiff Indian Harbor is a North Dakota corporation, with its principal place of business in Stamford, Connecticut, and is a citizen of both North Dakota and Connecticut for the purpose of 28 U.S.C §1332(c).

**ANSWER:**　On information and belief, defendant admits the allegations of paragraph 1 of the Complaint.

2.　　Defendant Sheridan is an Illinois limited liability corporation, with its principal place of business in the State of Illinois. Upon information and belief, Sheridan's member is a citizen Illinois; and thus, for the purposes of 28 U.S.C. § 1332, is a citizen of Illinois. Upon information and belief, the member of Sheridan is the following:

　　a.　　Mr. Robert Kroupa, a resident and citizen of Illinois.

**ANSWER:**　Defendant admits the allegations of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.　　This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201(a), as Indian Harbor seeks a declaratory judgment that Indian Harbor has no obligation to pay for certain losses allegedly incurred by Sheridan.

**ANSWER:**　Defendant admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201(a).

4.　　This action contains parties of diverse states and an amount in controversy exceeding $75,000, exclusive of interests and costs of this litigation.

**ANSWER:**　Defendant admits the allegations of paragraph 4 of the Complaint.

5.　　Venue is appropriate in the Court, pursuant to 28 U.S.C. § 1391, as, upon information and belief, the Defendant resides in the Northern District of Illinois.

**ANSWER:**　Defendant admits the allegations of paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6.　　On September 19, 2007, the Illinois Department of Public Health, pursuant to its grant of authority under the Asbestos Abatement Act (105 ILCS 105) and the Commercial and

Public Building Asbestos Abatement Act (225 ILCS 207), ordered an evacuation of Sheridan's building located at 2930 N. Sheridan Road, Chicago, Illinois (the "Building"), due to asbestos contamination of the Building.

ANSWER: Defendant admits that the Illinois Department of Public Health ordered an evacuation of Sheridan's building located at 2930 N. Sheridan Road, Chicago, Illinois. However, Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations.

7. At the time of the asbestos contamination (the "Occurrence"), Indian Harbor had issued a Commercial Property Policy, No. FCI 004 3213 (the "Policy"), providing property insurance coverage to Sheridan for Sheridan's real property at the Building, including rental income derived from the Building, subject to all the terms and conditions of the Policy. A copy of the Policy is attached hereto as Exhibit A.

ANSWER: Defendant admits that as of September 19, 2007, Indian Harbor had issued a Commercial Property Policy, No. FCI 004 3213, which included but was not limited to property insurance coverage to Sheridan for Sheridan's real property at the Building, and rental income derived from the Building. Defendant admits that a copy of the Policy is attached to the Complaint. Defendant denies the remaining allegations of Paragraph 7 of the Complaint.

8. At the time of the Occurrence, Sheridan was converting rental apartment units in the Building.

ANSWER: Defendant admits the allegations of paragraph 8 of the Complaint.

9. Subsequent to the Occurrence, Sheridan undertook a plan to abate the asbestos contamination in the Building. Sheridan notified Indian Harbor of the Occurrence on or about September 21, 2007.

ANSWER: Defendant admits that it undertook a plan to abate the asbestos subsequent to the Occurrence. Defendant admits that it notified Indian Harbor of the Occurrence on or about September 21, 2007. Defendant denies the remaining allegations of Paragraph 9 of the Complaint.

10.     In a letter dated May 22, 2008, Sheridan submitted a Sworn Statement in Proof of Loss alleging damages in an amount of $22,978,888.18, with several categories of losses listed as "continuing." The Sworn Statement in Proof of Loss lists several categories of damages including, *inter alia*, costs to repair the building, lost rents, attorneys fees, and lost profits. A copy of Sheridan's Sworn Statement in Proof of Loss is attached as Exhibit B.

**ANSWER**:    Defendant admits the allegations of paragraph 10 of the Complaint.

11.     Following a review of the facts and circumstances surrounding the Occurrence, Indian Harbor denied coverage for the damages allegedly incurred as a result of the Occurrence in a letter dated June 20, 2008.

**ANSWER**:  Defendant admits that, in a letter dated June 20, 2008, Indian Harbor denied coverage for the losses and damages incurred by Defendant. However, Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations.

### COUNT I
### Declaratory Judgment as To Coverage:
### Excluded Cause of Loss

12.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 12 [*sic*], above, as though fully set forth herein.

**ANSWER**:    Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 11.

13.     An actual controversy exists between the parties hereto as to their respective rights and obligations under the Insurance Contract, making this issue proper for disposition by way of declaratory judgment pursuant to 28 U.S.C. § 2201.

**ANSWER**:    Defendant admits the allegations of paragraph 13 of the Complaint.

14.     The Policy contains the following Asbestos Material Endorsement (asbest.mat(F1) 2/95), which is provided in full in Exhibit A:

4

### ASBESTOS MATERIAL ENDORSEMENT

Notwithstanding any provision in the Policy to which this endorsement is attached, this policy does not insure against loss or expense resulting from:

1.  Demolition or increased cost of reconstruction, repair, debris removal or loss of usenecessitated [sic] by the enforcement of any law or ordinance requiring asbestos material.

2.  any governmental direction or request declaring the asbestos material present in or part of orutilized [sic] on any undamaged portion of the insured's property can no longer be used for thepurpose [sic] for which it was intended or installed and must be removed.

The total amount recoverable for both loss to property and asbestos removal expense under this policy endorsement shall be a part of and not in addition to the limits stated in the Policy.

All other terms of this policy remain unchanged.

**ANSWER:** Defendant admits that the Policy contains an Asbestos Material Endorsement which is incorrectly recited in Paragraph 14. Further answering, the Policy speaks for itself.

15. The Policy contains the following Pollution and Contamination Exclusion (pollcont.exc(F1) 2/95), which is provided in full in Exhibit A:

### POLLUTION AND CONTAMINATION EXCLUSION

This policy does not cover loss or damage to property covered caused directly or indirectly by the release or discharge or dispersal of toxic or hazardous substances, contaminants or pollutants. Nor will we cover the cost of removal, disposal, decontamination or replacement of insured property which has been contaminated by toxic or hazardous substances, contaminants or pollutants and which by law or civil authority must be restored, disposed of or decontaminated. Such loss to property covered is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. If loss otherwise covered by this policy occurs and the cost of removal of debris is increased due to the presence of toxic or hazardous substances, contaminants, or pollutants, this policy will only be liable for the cost of debris removal which would have been incurred had no toxic or hazardous substances, contaminants or pollutants been present in, on or about the covered property to be removed.

All other terms and conditions of this policy remain unchanged.

**ANSWER:** Defendant admits that the Policy contains the cited language. Further answering, the Policy speaks for itself.

16. The Causes of Loss – Special Form (CP 10 30 04 02) forms part of the Policy, and is provided in full in Exhibit A. The Causes of Loss – Special Form contains, in pertinent part, the following provision:

> **B.   Exclusions**
>
> * * *
>
> 2. We will not pay for loss caused by or resulting from any of the following:
>
> * * *
>
> 1. Discharge, dispersal, seepage, migration, release or escape of "pollutants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the "specified causes of loss". But if the discharge, dispersal, seepage, migration, release or escape results in a "specified cause of loss", we will pay for the loss or damage cause by that "specified cause of loss".

**ANSWER:** Defendant admits that the Policy contains the cited language. Further answering, the Policy speaks for itself.

17. The Ordinance of Law Coverage endorsement (CP 04 05 04 02) forms part of the Policy, and is provided in full in Exhibit A. The Ordinance or Law Coverage endorsement contains, in pertinent part, the following provision:

> **C.**   We will not pay under Coverage **A, B** or **C** ofthis [sic] endorsement for:
>
> 1. Enforcement of any ordinance or lawwhich [sic] requires the demolition, repair, replacement, reconstruction, remodeling or remediation of property due to contamination by "pollutants" or due to the presence, growth, proliferation, spread or any activity of "fungus" wet or dry rot or bacteria; or
>
> 2. the costs associated with theenforcement [sic] of any ordinance or law whichrequires [sic] any insured or others to test for,monitor [sic], clean up, remove, contain, treat,detoxify [sic] or neutralize or in any way respond to,or [sic] assess the effects of "pollutants", "fungus", wet [sic] or dry rot or bacteria.

6

**ANSWER:** Defendant admits that the Policy contains the cited language. Further answering, the Policy speaks for itself.

18. Pursuant to the Asbestos Material Endorsement (asbest.mat (F1) 2/95), the Pollution and Contamination Exclusion (pollcont.exc(F1) 2/95), and Causes of Loss – Special Form (CP 10 30 04 02) Section **B.2.1.**, and the Ordinance or Law Coverage endorsement, the Policy excludes coverage for loss, damage, or expense related to, caused by, or resulting from asbestos contamination, release, dispersal, or discharge.

**ANSWER:** Defendant denies the allegations of paragraph 18 of the Complaint.

19. Sheridan's alleged damages are related to, caused by, or resulting from asbestos contamination, release, dispersal, or discharge.

**ANSWER:** The words "contamination", "release", "dispersal" and "discharge" are terms of art used by Indian Harbor in the Policy. The Policy does not define these terms. While Sheridan admits that the damages may have been caused by the "release", "dispersal" or "discharge" of asbestos, it denies that the damages are related to, caused by, or resulting from "contamination."

20. As the Policy excludes Sheridan's alleged loss, damages, or expenses, Indian Harbor has no obligation to pay Sheridan's claim.

**ANSWER:** Defendant denies the allegations of paragraph 20 of the Complaint.

WHEREFORE, Defendant 2930 NORTH SHERIDAN, LLC, denies that Plaintiff INDIAN HARBOR INSURANCE COMPANY is entitled to relief it seeks in its Complaint. Defendant 2930 NORTH SHERIDAN, LLC, further states that it is entitled to costs and attorneys' fees related to this action, together with any such other and further relief as this Court deems just and proper.

## Count II
## Declaratory Judgment As To Coverage:
## Fortuity

21. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 12, above, as though fully set forth herein.

**ANSWER:** Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 12.

22. Sheridan knew or should have known of the presence of asbestos-containing materials in the Building prior to the Occurrence.

**ANSWER:** Defendant denies the allegations of paragraph 22 of the Complaint.

23. The Policy provides coverage only for events that are fortuitous.

**ANSWER:** Defendant denies the allegations of paragraph 23 of the Complaint.

24. Based on knowledge Sheridan had or should have had, Sheridan knew or should have known that asbestos contamination and damage was substantially certain to occur if appropriate procedures were not taken to control asbestos-containing materials during renovation and construction.

**ANSWER:** Defendant denies the allegations of paragraph 24 of the Complaint.

25. As Sheridan knew or should have known of the presence of asbestos in the Building and the alleged damages were the result of Sheridan's failure to take appropriate measures to contain the asbestos, the loss was not fortuitous and Indian Harbor has no obligation to pay for any of Sheridan's alleged damages.

**ANSWER:** Defendant denies the allegations of paragraph 25 of the Complaint.

WHEREFORE, Defendant 2930 NORTH SHERIDAN, LLC, denies that Plaintiff INDIAN HARBOR INSURANCE COMPANY is entitled to relief it seeks in its Complaint. Defendant 2930 NORTH SHERIDAN, LLC, further states that it is entitled to costs and

attorneys' fees related to this action, together with any such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

NOW COMES Counter-Plaintiff, 2930 NORTH SHERIDAN, LLC ("2930 Sheridan"), by and through its attorneys, Asperger Associates LLC, and complains of Counter-Defendant Indian Harbor Insurance Company ("Indian Harbor") as follows:

## THE PARTIES

1. 2930 Sheridan is an Illinois limited liability corporation, with its principal place of business in the State of Illinois. 2930 Sheridan's sole member is Robert Kroupa, is a citizen Illinois; and thus, for the purposes of 28 U.S.C. § 1332, is a citizen of Illinois.

2. Indian Harbor is a North Dakota corporation, with its principal place of business in Stamford, Connecticut, and is a citizen of both North Dakota and Connecticut for the purpose of 28 U.S.C §1332(c).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201(a), as 2930 Sheridan seeks a declaratory judgment that Indian Harbor is obligated to provide insurance coverage and pay for certain losses incurred by 2930 Sheridan.

4. This action contains parties of diverse states and an amount in controversy exceeding $75,000, exclusive of interests and costs of this litigation.

5. Venue is appropriate in the Court, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to this claim occurred in the Northern District of Illinois, and the subject insured property is situated in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

### The Project

6. On or about November 16, 2006, 2930 Sheridan purchased a 22-story high rise building on the north side of Chicago, Illinois, located at 2930 North Sheridan Road. 2930 Sheridan purchased the building at 2930 North Sheridan Road for the purpose of converting the apartments into condominiums which it would offer for sale.

7. After the purchase, 2930 Sheridan began remodeling and converting the apartments located in the building at 2930 North Sheridan Road ("the Project").

8. On or about September 19, 2007, the Illinois Department of Public Health halted all work on the project due to a suspected disruption of asbestos ("the Occurrence").

9. The asbestos was believed to be disrupted by the work of a plumber who was cutting into piping.

10. At the time of the Occurrence, the building was occupied by tenants who were renting units as well as owners who had recently purchased converted condominium units.

11. All of the residents were immediately evacuated from the building. The residents were not permitted to move back into the building for several weeks, therefore, 2930 Sheridan provided temporary housing for the building occupants.

12. The evacuation of all of the building's residents was widely publicized in the news media.

13. 2930 Sheridan worked with various government agencies and vendors to respond to the situation and comply with all laws and ordinances.

14. As a result of the Occurrence, 2930 Sheridan sustained significant expenses, losses and damages, including: (1) the rescission of existing contracts for sale of condominium

units; (2) the loss of block sales of multiple units that were being negotiated; (3) the loss of future sales; (4) additional interest and refinancing costs; (4) lost rents; (5) lost profits; (6) costs to temporarily house displaced residents of the building; (7) costs to repair and remediate; (8) legal expenses; (9) reputation damage which continues to hindered 2930 Sheridan's ability to enter into new contracts for the sale of condominium units; and, (10) lost business opportunities on other projects. 2930 Sheridan's losses are continuing in nature.

### The Policy

15. Indian Harbor issued a Commercial Property insurance policy number FCI 004 3213 ("The Policy"), which provided Building and Personal Property Coverage and Business Income Coverage to 2930 Sheridan.

16. The Policy was in effect from April 13, 2007 through April 13, 2008, including the time of the asbestos disruption on September 19, 2007.

17. The Location Schedule of The Policy identifies 2930 N. Sheridan Road as property covered by The Policy.

18. The Building and Personal Property coverage of The Policy provides as follows:

    A.    **Coverage**

> **We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss. (See CP 00 10 04 02, Page 1 of 14).**

19. Covered Property as defined in The Policy includes the "building or structure described in the Declarations," "[c]ompleted additions," and "[a]dditions under construction, alterations and repairs to the building or structure." (See CP 00 10 04 02, Page 1 of 14).

20. The Policy defines "Covered Causes of Loss" as follows:

    A.    **Covered Causes of Loss**

> When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss…(See CP 10 30 04 02, Page 1 of 9)

21. The Policy included Coverage for lost Business Income, which in this case meant "Rental Value." (See CP 00 32 04 02, Page 1 of 8).

22. The Policy included Additional Coverages relating to "Expenses To Reduce Loss" as follows:

> In the event of a covered loss of Business Income, we will pay necessary expenses you incur, except the cost of extinguishing a fire, to avoid further loss of Business Income.

23. The Policy contains the following endorsement:

### ASBESTOS MATERIAL ENDORSEMENT

Notwithstanding any provision in the Policy to which this endorsement is attached, this policy does not insure against loss or expense resulting from:

1. Demolition or increased cost of reconstruction, repair, debris removal or loss of usenecessiated [sic] by the enforcement of any law or ordinance requiring [sic] asbestos material.

2. any governmental direction or request declaring that asbestos material present in or part of orutilized [sic] on any undamaged portion of the insured's property can no longer be used for thepurpose [sic] for which it was intended or installed and must be removed or modified.

The total amount recoverable for both loss to property and asbestos removal expense under this endorsement shall be a part of and not in addition to the limits stated in the Policy.

All other terms and conditions of this policy remain unchanged.

24. Indian Harbor has denied coverage and refused to indemnify 2930 Sheridan for any and all losses sustained as a result of the asbestos disruption.

## COUNT I
## DECLARATORY JUDGMENT

25. Plaintiff reasserts and realleges paragraphs 1 through 24 as if fully stated herein.

26. As a result of the asbestos disruption, 2930 Sheridan sustained direct physical loss of or damage to its premises, as covered by The Policy. 2930 Sheridan further sustained lost Business Income and Expenses to Reduce Loss, as covered by The Policy.

27. Additionally, the fourth paragraph of the Asbestos Material Endorsement makes it clear that the Endorsement provides coverage for loss or expense relating to asbestos material removal:

> **The total amount recoverable for both loss to property and asbestos removal expense under this endorsement shall be a part of and not in addition to the limits stated in the Policy.**

28. The second and third paragraphs (numbered 1 and 2) of the Asbestos Material Endorsement specify the types of losses covered by the endorsement.

29. The fourth paragraph and the first paragraph of the Asbestos Material Endorsement are mutually repugnant in that the fourth paragraph clearly states that the Endorsement provides coverage, while the first paragraph states that the policy does not cover the specified losses.

30. The only reasonable interpretation that would give the Asbestos Material Endorsement meaning and effect is that the Asbestos Material Endorsement <u>does</u> insure against loss or expense specified in the Endorsement.

WHEREFORE, plaintiff requests a declaration by this court that:

    A.    The losses sustained by 2930 North Sheridan LLC are covered losses under Indian Harbor Insurance Company Policy FCI 004 3213; and,

    B.    The Asbestos Material Endorsement provides coverage for the following:

        1.    Demolition or increased cost of reconstruction, repair, debris removal or loss of use necessitated by the enforcement of any law or ordinance requiring removal of asbestos material.

        2.    any governmental direction or request declaring that asbestos material present in or part of or utilized on any undamaged portion of the insured's property can no longer be used for the purpose for which it was intended or installed and must be removed or modified.

2930 North Sheridan LLC further requests costs and attorneys' fees related to this action, together with any such additional relief this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

31.    Plaintiff reasserts and realleges paragraphs 1 through 30 as if fully stated herein.

32.    The Policy provides coverage for losses and expenses sustained by 2930 Sheridan in this case.

33.    Indian Harbor has breached its contract to provide insurance coverage by refusing to indemnify 2930 Sheridan for its losses and expenses as provided for by The Policy.

34.    As a result of Indian Harbor's breach, 2930 Sheridan has sustained damages in excess of $22,000,000..

WHEREFORE, 2930 North Sheridan LLC requests that this Court award damages in an amount in excess of $22,000,000. 2930 North Sheridan LLC further requests costs and attorneys' fees related to this action, together with any such additional relief this Court deems just and proper.

Dated: August 13, 2008                            Respectfully submitted,

                            **2930 NORTH SHERIDAN, LLC**

By:    /s/ Jeffrey J. Asperger
          One of its attorneys

          Jeffrey J. Asperger
          Bary L. Gassman
          Daile V. McCann
          ASPERGER ASSOCIATES LLC
          150 North Michigan Avenue, Suite 420
          Chicago, IL 60601
          Tel: (312) 856-9901
          Fax: (312) 856-9905

## CERTIFICATE OF SERVICE

      I, hereby certify that on August 13, 2008, I caused the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIM** to be electronically filed on the Court's docket with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel who have appeared in this action.

      By:   /s/Jeffrey J. Asperger
             Jeffrey J. Asperger
             Bary L. Gassman
             Daile Grigaitis McCann
             Counsel for Defendants
             ASPERGER ASSOCIATES LLC
             150 North Michigan Avenue
             Suite 420
             Chicago, IL 60601
             ph. 312-856-9901