IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, a North Dakota Corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>2930 NORTH SHERIDAN, LLC, an Illinois Limited Liability Corporation,<br><br>Defendant and Counter-Plaintiff. | No.: 08-cv-3543<br><br>Judge Lefkow<br>Magistrate Judge Mason |

## ANSWER TO DEFENDANT'S COUNTERCLAIMS

NOW COMES Counter-Defendant INDIAN HARBOR INSURANCE COMPANY ("Indian Harbor") by and through its attorneys at McDonald & McCabe, LLC, and as its Answer to Counter-Plaintiff 2930 NORTH SHERIDAN, LLC'S ("2930 Sheridan") Counterclaim states as follows:

### THE PARTIES

1. 2930 Sheridan is an Illinois limited liability corporation, with its principal place of business in the State of Illinois. 2930 Sheridan's sole member is Robert Kroupa, is a citizen Illinois; and thus, for the purposes of 28 U.S.C. § 1332, is a citizen of Illinois.

**ANSWER:** Upon information and belief, Indian Harbor admits the allegations contained in Paragraph 1.

2. Indian Harbor is a North Dakota corporation, with its principal place of business

in Stanford, Connecticut, and is a citizen of both North Dakota and Connecticut for the purpose of 28 U.S.C §1332(c).

**ANSWER:** Indian Harbor admits the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201(a), as 2930 Sheridan seeks a declaratory judgment that Indian Harbor is obligated to provide insurance coverage and pay for certain losses incurred by 2930 Sheridan.

**ANSWER:** Indian Harbor admits the allegations contained in Paragraph 3.

4. This action contains parties of diverse states and an amount in controversy exceeding $75,000, exclusive of interest and costs of this litigation.

**ANSWER:** Indian Harbor admits the allegations contained in Paragraph 4.

5. Venue is appropriate in the Court, pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this claim occurred in the Northern District of Illinois, and the subject insured property is situated in the Northern District of Illinois.

**ANSWER:** Indian Harbor admits the allegations contained in Paragraph 5.

## FACTUAL ALLEGATIONS

### The Project

6. On or about November 16, 2006, 2930 Sheridan purchased a 22-story high rise building on the north side of Chicago, Illinois, located at 2930 North Sheridan Road. 2930 Sheridan purchased the building at 2930 North Sheridan Road for the purpose of converting the apartments into condominiums which it would offer for sale.

**ANSWER:** Upon information and belief, Indian Harbor admits 2930 Sheridan purchased a 22-story high rise building on the north side of Chicago, Illinois, located at 2930 North Sheridan Road on or about November 16, 2006. Indian Harbor lacks information concerning the

remainder of the allegations in Paragraph 6, and, on that basis, denies all other allegations, express or implied, contained in Paragraph 6.

7. After the purchase, 2930 Sheridan began remodeling and converting the apartments located in the building at 2930 North Sheridan Road ("the project").

**ANSWER:** Indian Harbor admits that 2930 Sheridan performed remodeling and converting of the building located at 2930 North Sheridan Road. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 7.

8. On or about September 19, 2007, the Illinois Department of Public Health halted all work on the project due to a suspected disruption of asbestos ("the Occurrence").

**ANSWER:** Indian Harbor admits the Illinois Department of Public Health issued a stop work order after the building located at 2930 North Sheridan Road tested positive for asbestos content greater than 1%. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 8.

9. The asbestos was believed to be disrupted by the work of a plumber who was cutting into piping.

**ANSWER:** Indian Harbor admits that a plumber was believed to have disrupted asbestos by cutting into piping. Indian Harbor denies Paragraph 9 to the extent that it implies that the disruption by the plumber was the only disruption of asbestos. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 9.

10. At the time of the Occurrence, the building was occupied by tenants who were renting units as well as owners who had recently purchased converted condominium units.

**ANSWER:** Indian Harbor admits that at the time of the asbestos contamination tenants renting units and owners of units were occupying the building. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 10.

11. All of the residents were immediately evacuated from the building. The residents were not permitted to move back into the building for several weeks, therefore, 2930 Sheridan provided temporary housing for the building occupants.

**ANSWER:** Indian Harbor admits the building was evacuated. Indian Harbor lacks information concerning the remainder of the allegations in Paragraph 11, and, on that basis, denies all other allegations, express or implied, contained in Paragraph 11.

12. The evacuation of all the buildings' residents was widely publicized in the news media.

**ANSWER:** Indian Harbor admits that the evacuation received some media coverage. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 12.

13. 2930 Sheridan worked with various government agencies and vendors to respond to the situation and comply with all laws and ordinances.

**ANSWER:** Indian Harbor lacks information concerning the allegations in Paragraph 13, and, on that basis, denies all allegations, express or implied, contained in Paragraph 13.

14. As a result of the Occurrence, 2930 Sheridan sustained significant expenses, losses and damages, including: (1) the rescission of existing contracts for sale of condominium units; (2) the loss of block sales of multiple units that were being negotiated; (3) the loss of future sales; (4) additional interest and refinancing costs; (4) lost rents; (5) lost profits; (6) costs to temporarily house displaced residents of the building; (7) costs to repair and remediate; (8) legal expenses; (9) reputation damage which continues to hindered 2930 Sheridan's ability to enter into new contracts for the sale of condominium units; and, (10) lost business opportunities on other projects. 2930 Sheridan's losses are continuing in nature.

**ANSWER:** Indian Harbor lacks information concerning the allegations in Paragraph 14, and, on that basis, denies all allegations, express or implied, contained in Paragraph 14.

### The Policy

15. Indian Harbor issued a Commercial Property insurance policy number FCI 004 3213 ("The Policy"), which provided Building and Personal Property Coverage and Business Income Coverage to 2930 Sheridan.

**ANSWER:** Indian Harbor admits that it issued a commercial property insurance policy to 2930 N. Sheridan, LLC, subject to all the terms and conditions therein. Further answering, Indian Harbor states that the Policy stands on its own, subject to all the terms and conditions therein.

4

Indian Harbor denies all other allegations, express or implied, contained in Paragraph 15.

16. The Policy was in effect from April 13, 2007 through April 13, 2008, including the time of the asbestos disruption on September 19, 2007.

**ANSWER:** Indian Harbor admits Policy was in effect from April 13, 2007 through April 13, 2008. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 16.

17. The Location Schedule of The Policy identifies 2930 N. Sheridan Road as property covered by The Policy.

**ANSWER:** Indian Harbor admits the Policy identifies 2930 N. Sheridan Road on the Location Schedule. Further answering, Indian Harbor states that the Policy stands on its own, subject to all the terms and conditions therein. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 17.

18. The Building and Personal Property coverage of The Policy provides as follows:

> **A. Coverage**
>
> **We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss. (See CP 00 10 04 02, Page 1 of 14).**

**ANSWER:** Indian Harbor admits that the Policy issued to 2930 N. Sheridan, LLC, contains the cited provision. Further answering, Indian Harbor states that the Policy stands on its own, subject to all the terms and conditions therein. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 18.

19. Covered Property as defined in The Policy includes the "building or structure described in the Declarations," "[c]ompleted additions", and "[a]dditions under construction, alterations and repairs to the building or structure." (See CP 00 10 04 02, Page 1 of 14).

**ANSWER:** Indian Harbor admits that the Policy issued to 2930 N. Sheridan, LLC, contains the cited language. Further answering, Indian Harbor states that the Policy stands on its own, subject to all the terms and conditions therein. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 19.

5

20. The Policy defines "Covered Causes of Loss" as follows:

> **A.   Covered Causes of Loss**
>
> **When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss... (See CP 10 30 04 02, Page 1 of 9)**

**ANSWER:** Indian Harbor admits that the Policy issued to 2930 N. Sheridan, LLC, contains the cited provision. Further answering, Indian Harbor states that the Policy stands on its own, subject to all the terms and conditions therein. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 20.

21. The Policy included Coverage for lost Business Income, which in this case meant "Rental Value". (See CP 00 32 04 02, Page 1 of 8).

**ANSWER:** Indian Harbor admits the Policy provides coverage for "Rental Value," as defined therein, subject to the terms and conditions of the Policy. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 21.

22. The Policy included Additional Coverages relating to "Expenses To Reduce Loss" as follows:

> In the event of a covered loss of Business Income, we will pay necessary expenses you incur, except the cost of extinguishing a fire, to avoid further loss of Business Income.

**ANSWER:** Indian Harbor admits that the Policy issued to 2930 N. Sheridan, LLC, contains the cited provision. Further answering, Indian Harbor states that the Policy stands on its own, subject to all the terms and conditions therein. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 22.

23. The Policy contains the following endorsement:

**ASBESTOS MATERIAL ENDORSEMENT**

> Notwithstanding any provision in the Policy to which this endorsement is attached, this policy does not insure against loss or expense resulting from:
>
> 1.   Demolition or increased cost of reconstruction, repair, debris removal or loss of use necessitated [sic] by the enforcement of any law or ordinance requiring [sic] asbestos material.
>
> 2.   Any governmental direction or request declaring that asbestos material present in or part of or utilized [sic] on any undamaged portion of the insured's property can no longer be used for the purpose [sic] for which it was intended or installed and must be removed or modified.
>
> The total amount recoverable for both loss to property and asbestos removal expense under this endorsement shall be a part of and not in addition to the limits stated in the Policy.
>
> All other terms and conditions of this policy remain unchanged.

**ANSWER:** Indian Harbor admits that the Policy issued to 2930 N. Sheridan, LLC, contains the cited provision. Further answering, Indian Harbor states that the Policy stands on its own, subject to all the terms and conditions therein. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 23.

24.   Indian Harbor has denied coverage and refused to indemnify 2930 Sheridan for any and all losses sustained as a result of the asbestos disruption.

**ANSWER:** Indian Harbor admits that it denied coverage for 2930 N. Sheridan, LLC's alleged losses. Indian Harbor denies all other allegations, express or implied, contained in Paragraph 24.

**COUNT I**
**DECLARATORY JUDGMENT**

25.   Plaintiff reasserts and realleges paragraphs 1 through 24 as if fully stated herein.

**ANSWER:** Indian Harbor reincorporates and restates its Answers to Paragraphs 1 through 24, as though fully stated herein.

7

26. As a result of the asbestos disruption, 2930 Sheridan sustained direct physical loss of or damage to its premises, as covered by The Policy. 2930 Sheridan further sustained lost Business Income and Expenses to Reduce Loss, as covered by The Policy.

**ANSWER:** Paragraph 26 states a legal conclusion, to which no answer is required. To the extent that Paragraph 26 requires an answer, Indian Harbor denies that any direct physical loss, damage, lost Business Income, or Expenses to Reduce Loss sustained as a result of asbestos disruption is covered by the Policy. To the extent that Paragraph 26 requires a further answer, Indian Harbor denies all other allegations, express or implied, contained in Paragraph 26.

27. Additionally, the fourth paragraph of the Asbestos Material Endorsement makes it clear that the Endorsement provides coverage for loss or expense relating to asbestos material removal:

> **The total amount recoverable for both loss to property and asbestos removal expense under this endorsement shall be a part of and not in addition to the limits stated in the Policy.**

**ANSWER:** Paragraph 27 states a legal conclusion, to which no answer is required. To the extent that Paragraph 27 requires an answer, Indian Harbor admits that the Policy issued to 2930 N. Sheridan, LLC, contains the cited language. Further, Indian Harbor states that the Policy stands on its own, subject to all the terms and conditions therein. To the extent that Paragraph 27 requires a further answer, Indian Harbor denies all other allegations, express or implied, contained in Paragraph 27.

28. The second and third paragraphs (numbered 1 and 2) of the Asbestos Material Endorsement specify the types of losses covered by the endorsement.

**ANSWER:** Paragraph 28 states a legal conclusion, to which no answer is required. To the extent that Paragraph 28 requires an answer, Indian Harbor denies all allegations, express or implied, contained in Paragraph 28.

29. The fourth paragraph and the first paragraph of the Asbestos Material Endorsement are mutually repugnant in that the fourth paragraph clearly states that the Endorsement provides coverage, while the first paragraph states that the policy does not covered the specified losses.

**ANSWER:** Paragraph 29 states a legal conclusion, to which no answer is required. To the extent that Paragraph 29 requires an answer, Indian Harbor denies all allegations, express or implied, contained in Paragraph 29.

30. The only reasonable interpretation that would give the Asbestos Material Endorsement meaning and effect is that the Asbestos Material Endorsement <u>does</u> insure against loss or expense specified in the Endorsement.

**ANSWER:** Paragraph 30 states a legal conclusion, to which no answer is required. To the extent that Paragraph 30 requires an answer, Indian Harbor denies all allegations, express or implied, contained in Paragraph 30.

WHEREFORE Plaintiff, Counter-Defendant, INDIAN HARBOR INSURANCE COMPANY, denies that Defendant, Counter-Plaintiff 2930 NORTH SHERIDAN, LLC is entitled to the relief it seeks and prays for judgment in Indian Harbor's favor, including all recoverable fees and costs together with all other relief this Court deems proper.

## COUNT II
## BREACH OF CONTRACT

31. Plaintiff reasserts and realleges paragraphs 1 through 30 as if fully stated herein.

**ANSWER:** Indian Harbor reincorporates and restates its Answers to Paragraphs 1 through 31, as though fully stated herein.

32. The Policy provides coverage for losses and expenses sustained by 2930 Sheridan in this case.

**ANSWER:** Indian Harbor denies the allegations contained in Paragraph 32.

33. Indian Harbor has breached its contract to provide insurance coverage by refusing to indemnify 2930 Sheridan for its losses and expenses as provided for thy The Policy.

**ANSWER:** Indian Harbor denies the allegations contained in Paragraph 33.

34. As a result of Indian Harbor's breach, 2930 Sheridan has sustained damages in excess of $22,000,000.

9

**ANSWER:** Indian Harbor denies the allegations contained in Paragraph 33.

WHEREFORE Plaintiff, Counter-Defendant, INDIAN HARBOR INSURANCE COMPANY, denies that Defendant, Counter-Plaintiff 2930 NORTH SHERIDAN, LLC is entitled to judgment against Indian Harbor in any amount whatsoever and prays for judgment in Indian Harbor's favor, including all recoverable fees and costs together with all other relief this Court deems proper.

Respectfully,
INDIAN HARBOR INSURANCE COMPANY

By: _s/ Nicholas R. Novak on behalf of Thomas A. McDonald_
Nicholas R. Novak on behalf of Thomas A. McDonald

Thomas A. McDonald
Michael P. Rohan
Nicholas R. Novak
McDonald & McCabe, LLC
225 West Wacker Drive
Suite 2100
Chicago, IL 60606

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of September, 2008, a copy of the foregoing

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Respectfully,
        INDIAN HARBOR INSURANCE COMPANY


        By:  s/ Nicholas R. Novak on behalf of Thomas A. McDonald
            Nicholas R. Novak on behalf of Thomas A. McDonald

            Thomas A. McDonald
            Michael P. Rohan
            Nicholas R. Novak
            McDonald & McCabe, LLC
            225 West Wacker Drive
            Suite 2100
            Chicago, IL 60606